IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANTHONY P. CASSIDY | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 4:14-CV-116 (CDL) |
| | ) | |
| v. | ) | |
| | ) | |
| TIYA SUPPORT SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT MOTION TO APPROVE SETTLEMENT**

Plaintiff ANTHONY P. CASSIDY and Defendant, TIYA SUPPORT SERVICES, LLC, jointly file this consent motion for approval of their settlement agreement, and memorandum of law in support of requesting that the Court approves the Parties' settlement. This Motion is based upon the Release and Settlement Agreement ("Settlement Agreement") and all files, records, and proceedings herein. The parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

**I.     Factual Background**

On May 13, 2014, Plaintiff filed his Complaint initiating this lawsuit in which he alleged that Defendant violated the Fair Labor Standards Act ("FLSA"),

52010660-1

29 U.S.C. § 201, et seq. ("the Lawsuit").  (Doc. 1).  Defendant denies any wrongdoing under the FLSA or any other state or federal law and denies that Plaintiff is owed any additional compensation.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings.  The Parties, through their respective counsel, have engaged in arms-length settlement negotiations to resolve their dispute.  The terms and conditions of settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

During settlement negotiations, the Parties reached an agreement to resolve Plaintiff's claims for unpaid wages, liquidated damages, and attorney's fees. Pursuant to the settlement, Plaintiff will receive $11,500.00, $5,000.00 of which will be allocated to Plaintiff's claim for unpaid wages and $5,000.00 of which will be allocated to Plaintiff's claim for liquidated damages.  Accordingly, $5,000.00 will be reported in a Form W-2 as wages paid to Plaintiff with the necessary taxes withheld, and $5,000.00 will be reported in a Form 1099 as miscellaneous income. Plaintiff's counsel will receive a separate amount of $11,500.00 in attorney's fees, as well as $1,500.00 to cover costs.

The Parties state and agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of

the Parties.  The Parties have entered into the Settlement Agreement because it reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims.  In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.     Memorandum of Law in Support of Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee…affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be…" 29 U.S.C. § 216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement.  Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945).  The two limited circumstances in which FLSA claims are compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(B).  Lynn's Food Stores, Inc. v. United States, U.S. Dept. of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  Id. at 1354-55.  If a settlement in an

employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In determining whether a settlement is fair and reasonable, courts have considered facts such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the plaintiff's success on the merits; (3) the state of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. See King v. My Online Neighborhood, 2007 WL 737575, No. 6:06-cv-435-Orl-22JCC (M.D. Fla., Mar. 7, 2007) (citing Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); see also Trinh v. JPMorgan Chase & Co., 2009 WL 532556, No. 07-CV-01666 W(WMC) (S.D. Cal., Mar. 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair. "King, 2007 WL 737575 at *3 (quoting Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" King, 2007 WL 737575 at *3 (quoting In

4

re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009). Any fee agreement between a plaintiff and his or her counsel must be disclosed to a court when an FLSA settlement is filed for approval so that the court can evaluate the reasonableness of the proposed settlement. Martin v. Huddle House, Inc., 2011 WL 611625, No. 2:10-cv-00082-WCO, *3-4 (N.D. Ga., Feb. 11, 2011).

**III.   Analysis**

In his Complaint, Plaintiff alleged that he was not paid for all of the hours he worked for Defendant. (Doc. 1). Plaintiff contended that Defendant owed him unpaid overtime wages and liquidated damages for unpaid hours he worked for Defendant. Although Defendant disputed these contentions, the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter without the need for trial.

In terms of fairness of the Settlement Agreement, Plaintiff's probability of success was uncertain and even if Plaintiff had succeeded in showing liability, the amount of damages was likewise uncertain as the parties differed on the amount of

hours worked by Plaintiff. Thus, settlement of the action in favor of certainty was a fair and reasonable decision. The parties worked together to reach a final settlement amount that adequately compensates Plaintiff for his alleged unpaid wages and for his attorney's fees and costs incurred in bringing this lawsuit according to the terms of the modified contingency fee agreement between Plaintiff and his counsel. Thus, the settlement is a fair and reasonable resolution of a bona fide dispute.

WHEREFORE, Plaintiff and Defendant pray that this Court enter an Order APPROVING the settlement. A proposed order is attached hereto.

Consented and Agreed to this 3rd day of March, 2015.

                                        **THE ROPER LAW FIRM**

                                        */s/ John W. Roper*
                                        John W. Roper
                                        Georgia Bar No. 614159

5353 Veterans Parkway, Suite D      Attorney for Plaintiff
Columbus, GA 31904
(706) 596-5353
johnroper@roperlaw.com

*(signatures continued on the following page)*

| | |
|---|---|
| | **HALL BOOTH SMITH, P.C.** |
| 191 Peachtree Street, N.E. | */s/ Donald W. Benson* |
| Suite 2900 | Donald W. Benson |
| Atlanta, Georgia 30303 | Georgia Bar No. 052350 |
| dbenson@hallboothsmith.com | Attorney for Defendant |
| | |
| 1037 Front Avenue | */s/ Mariel E. Smith* |
| P.O. Box 1978 | Mariel E. Smith |
| Columbus, Georgia 31902 | Georgia Bar No. 707608 |
| msmith@hallboothsmith.com | Attorney for Defendant |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| ANTHONY P. CASSIDY | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | 4:14-CV-116 (CDL) |
| | ) | |
| v. | ) | |
| | ) | |
| TIYA SUPPORT SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2015, I electronically filed the Consent Motion to Approve Settlement with the Clerk of court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John Roper, Esq.
The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, GA 31904

This 3rd day of March, 2015.

*Signature page to follow*

                                                  **HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, Georgia 30303<br>dbenson@hallboothsmith.com | */s/ Donald W. Benson*<br>Donald W. Benson<br>Georgia Bar No. 052350<br>Attorney for Defendant |
| 1037 Front Avenue<br>P.O. Box 1978<br>Columbus, Georgia 31902<br>msmith@hallboothsmith.com | */s/ Mariel E. Smith*<br>Mariel E. Smith<br>Georgia Bar No. 707608<br>Attorney for Defendant |